



```
JAMES KRUEGER, ESQ.    492
2065 Main Street
Wailuku, Maui, Hawaii  96793
Tel: 244-7444 (Maui)
     244-4177 (Facsimile)

Attorney for Plaintiffs
#17-08 JK:es
```

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| HOLLIS MALLARDI, VINCENT MALLARDI,<br><br>Plaintiffs,<br><br>vs.<br><br>WALMART STORES, a foreign corporation, JOHN DOES 1-5, JOHN DOE CORPORATIONS 1-5, JOHN DOE PARTNERSHIPS 1-5, ROE NON-PROFIT ORGANIZATIONS 1-5, AND ROE GOVERNMENT AGENCIES 1-5,<br>Defendants. | CIVIL NO. 17-1-347K<br>(Non-Motor Vehicle Tort)<br><br>COMPLAINT; EXHIBIT 1; SUMMONS |

## COMPLAINT

1. At all times relevant herein, plaintiffs were citizens and residents of the State of Hawaii, residing in the County of Hawaii.

2. At all times relevant herein, defendant WALMART STORES (hereinafter "WALMART"), was a corporation or other legal entity duly incorporated by law, authorized to do, and doing, business in the County of HAWAII, State of Hawaii, at 75-1015 Henry Street, Kailua-Kona, Hawaii 96740.

I hereby certify that this is a full, true and correct copy of the original on file in this office.

Clerk, Third Circuit Court, State of Hawaii

EXHIBIT A

3. Plaintiffs have diligently and in good faith attempted to ascertain names, identities, and possible defendants whose identities are presently unknown to plaintiffs. Such attempts included obtaining plaintiffs' applicable medical records. Despite the foregoing, the identities of other defendants, whose conduct may have been a legal cause of plaintiff's injuries and damages, remain unknown to plaintiffs.

4. Plaintiffs allege, on information and belief, that, directly or indirectly, that conduct of other defendants, presently unknown to plaintiffs, was or may have been a legal cause of the occurrence complained of and/or the injury, damage, or loss thereby sustained by plaintiffs as a result of which all defendants, identified and unidentified, may be legally, jointly and severally liable to plaintiffs' for injuries and losses sustained, inasmuch as the conduct of each defendant may have coincided with and/or concurred with that of each and every other defendant named and unnamed.

5. All events described herein occurred in the County of Hawaii, State of Hawaii, so that this Court is the appropriate venue for and has jurisdiction over this proceeding.

6. On or about May 24, 2017, plaintiffs were customers of defendants, and/or any of them, lawfully at its aforesaid premises.

7. On or about May 24, 2017, plaintiff Hollis Mallardi fell while on the premises of defendants, and/or any of them.

8. On or about May 24, 2017, defendants, and/or any of them, created, caused, allowed to exist, maintained, failed to inspect and/or warn about, and failed to eliminate, or leased or rented its premises, which were foreseeably and unreasonably dangerous to patrons of defendants, and/or any of them, including plaintiffs, which condition created an unreasonable risk of harm, and was a cause of plaintiff Hollis Mallardi's fall.

9. The conduct of defendants, and/or that of any of them, mentioned above, was negligent.

10. Plaintiff Hollis Mallardi's fall was a legal result of the negligence of defendants, and/or any of them.

11. Defendants, and/or any of them, maintained a video system of its premises on the aforesaid date and has, or had, depiction of the area whereat plaintiff Hollis Mallardi fell.

12. Defendants, and/or any of them, obtained photographs or other visual imaging of he area whereat plaintiff Hollis Mallardi fell.

13. Defendants, and/or any of them, on the day plaintiff Hollis Mallardi fell, or within the week following it, investigated the area of defendants whereat said plaintiff fell.

14. Defendants, and/or any of them, on the day plaintiff fell, or within a week thereafter, in the course of investigating the area whereat plaintiff Hollis Mallardi fell on defendants', and/or any of them, premises, obtained knowledge of persons, including employees or agents of defendants, and/or any of them, having knowledge of the area and condition of such area including the store floor or walkway surface of the premises whereat plaintiff Hollis Mallardi fell.

15. As a legal result of the foregoing, plaintiffs, or either of them, have suffered severe and permanent physical injury and suffering, mental distress, diminution of wage and/or impairment of earning capacity, diminution of the enjoyment of life's activities, expenses incurred for the treatment of plaintiffs' injuries, together with other damages as shall be proved at time of trial.

16. Exhibit 1 is a medical record pertaining to plaintiff Hollis Mallardi.

17. At the time of the fall complained of, Hollis Mallardi had never been diagnosed by any medical doctor as having any of the symptoms attributed to her mentioned by her in Exhibit 1.

18. Before the fall complained of, there existed no medical record describing the symptoms complained of by Hollis Mallardi as attributed to her or mentioned by her in Exhibit 1.

19. As a result of the foregoing, plaintiff Vincent Mallardi, husband of Hollis Mallardi, has suffered a reduction of the marital relation previously existing between he and his wife thereby resulting in a lessened enjoyment therewith.

20. No plaintiff was negligent in connection with the occurrence of Hollis Mallardi's aforesaid fall.

WHEREFORE, upon a hearing hereof, plaintiffs pray that judgment be entered in their favor, or either of them, against defendants, and/or any of them, jointly and severally, for such damages as to which they, or either of them, shall be entitled pursuant to proof adduced at trial, together with costs of suit, attorney's fees, pre-judgment interest, post-judgment interest, and such other and further relief as to which they shall be entitled pursuant to Rule 54 of the <u>Hawaii Rules of Civil Procedure</u>.

DATED: Wailuku, Maui, Hawaii, _____ OCT 18 2017

                                                JAMES KRUEGER, ESQ.
                                                Attorney for Plaintiffs

*Hollis Mallardi*

# HAWAII PACIFIC DEEG
**Michael B Russo M.D.**
250 Ward Avenue 170 Honolulu, HI 96814-4016
Phone: (808) 294-3332  Fax: (808) 749-2920

**MALLARDI HOLLIS DOB: 1/25/1955 (62 yrs. F)**
74-5576 PAWAI PL STE P1 599
KAILUA KONA HI 96740
609-970-3365

Visit Date: 09/20/2017

---

**Preferred Language:** English

**Current Allergies:** NKDA

**Current Medications:**
Cyclobenzaprine
Gabapentin 100 mg QD
ASA 81mg qDay

**Vitals:**
BP: 132/78
Pulse: 70
RR: 14
Weight: 117.2 lbs
Height: 5' 5"
BMI: 20
Vision:
OD 20/50
OS 20/50
OU 20/40
SpO2: 95%
Neck size: 12"
ESS: 1

F07.81 – Postconcussion syndrome

Tension H/A G44.209
Dizziness R42
OSA G47.30
PLMS G47.61
RLS G25.81
Insomnia G47.01
Polyneuropathy E08.42

Dear Dr. Matsuo (FAX 808-324-0715),

Thank you for referring Mrs. Hollis Mallardi for evaluation of her postconcussion syndrome. As you know, Mrs. Mallardi is a 62 y/o RH woman who reports falling and striking her head with momentary loss of consciousness on 24 May 2017. She went to ER following day where CT head did not show bleeding, but did show atrophy. She says prior to the injury she walked and was active, after the injury she can not maintain her same activities, memory problems and dizziness.

She fell and hit her posterior head 5/25/17, was seen at KCH ER, CT done. Since the fall she continues to have dizziness, vertigo, loses her balances, using a cane, headaches back of head and front, 9/10 pain intensity, still has neck pain. Continues to have short-term memory loss since the fall, forgets she put on coffee, goes to the sink instead of the refrigerator where she intended to go.

RLS, hemochromatosis.

<u>CT head</u> (5/25/17): Cortical atrophy.

ROS is significant for neck pain, anxiety, GERD.

Neurological exam shows an alert, cooperative, pleasant woman. Cranial nerve exam shows PERRLA, discs crisp, fields full to confrontation, saccades normal. Hearing is symmetric to finger rub and vibration. Facial movement is full and symmetric. Muscle atrophy significant, strength decreased diffusely. No vibration and diminished proprioception in feet. Reflexes absent in ankles and diminished knees. Her gait is unsteady, she uses a cane and is wide based. She can not tandem nor can she do Romberg.

Assessment:

Post-concussion syndrome with headaches, sleep disturbances, cognitive impairments. Dizziness may be associated with the head injury, and may be an aberrant electrocortical discharges.

Headaches, tension type possibly due to the cervical neck strain.

Sleep disorders to include restless legs syndrome, possible periodic limb movements of sleep disorder, insomnia, possibly paradoxical sleep, and possibly OSA.

Cervical spinal degenerative disease, cervical spinal muscle strain.

Sensori-motor polyneuropathy – most prominent in feet and legs.

Her gait impairment is significant, and her muscle atrophy concerning. Likely the sensorimotor neuropathy is impairing at least a portion of her gait.

# EXHIBIT 1

**MALLARDI HOLLIS DOB: 1/25/1955 (62 yrs. F)**
74-5576 PAWAI PL STE P1 599
KAILUA KONA HI 96740
609-970-3365

**Recommendations and Treatment Options:**

DEEG to assess for aberrant electrocortical discharges
Home Sleep Test for OSA
Overnight EEG for insomnia
MRI brain. Hawaii Advanced Imaging Honolulu
Labs for ESR, CBC, TFTs, B12, Folate, iron, ferritin

No medications at this time.

*MB Russo MD* (signature)

Michael B. Russo, MD, FACP, FAAN, FAASM, FAsMA
Neurology, Sleep Disorders Medicine, Traumatic Brain Injury
Office: 808-294-3332  Fax- 808-748-2920

JAMES KRUEGER, ESQ.     492
2065 Main Street
Wailuku, Maui, Hawaii  96793
Tel: 244-7444 (Maui)
     244-4177 (Facsimile)

Attorney for Plaintiffs
#17-08 JK:es

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| HOLLIS MALLARDI, VINCENT MALLARDI           Plaintiffs,<br><br>vs.<br><br>WALMART STORES, a foreign corporation, JOHN DOES 1-5, JOHN DOE CORPORATIONS 1-5, JOHN DOE PARTNERSHIPS 1-5, ROE NON-PROFIT ORGANIZATIONS 1-5, AND ROE GOVERNMENT AGENCIES 1-5,           Defendants. | CIVIL NO. _____<br>(Non-Motor Vehicle Tort)<br><br>SUMMONS |

## SUMMONS

TO THE DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with the court and serve upon JAMES KRUEGER, ESQ., plaintiffs' attorney, whose address is 2065 Main Street, Suite 102, Wailuku, Maui, Hawaii 96793, an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to make your answer within the twenty-day time limit, judgment

by default will be taken against you, including judgment for the relief demanded in this complaint, without further notice to you.

If you fail to obey this summons this may result in an entry of default and default judgment.

Pursuant to Rule 4(b) of the <u>Hawaii Rules of Civil Procedure</u>, this summons shall not be delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the District or Circuit courts permits, in writing on the summons, personal delivery those hours.

DATED: Wailuku, Maui, Hawaii, **NOV 08 2017**

**L. KITAOKA (SEAL)**

_____
CLERK OF THE ABOVE-ENTITLED COURT

2